IN THE CIVIL COURT OF TENNESSEE
FOR THE 30TH JUDICIAL DISTRICT AT MEMPHIS
DIVISION 3

MARIA ELENA SOTO REYES
    Plaintiff(s),

vs.

MACARTHUR CRUTCHER, and
KEITH ALAN ADAMS
    Defendants.

CASE NO. CT-3415-21

JURY DEMAND

## FIRST AMENDED COMPLAINT FOR AUTOMOBILE NEGLIGENCE

COMES NOW, Plaintiff(s), Maria Soto Reyes by and through counsel of record, Robert Amann, and files this Complaint against Defendant(s) MacArthur Crutcher, and John Doe Company for cause of action would show the following facts, to wit:

### I. PARTIES

1. Plaintiff, Maria Elena Soto Reyes, (hereafter "Plaintiff") respectfully alleges that they are adult, resident citizens of Byhalia, Marshall County, Mississippi, at the time of the filing of this Complaint.

2. Upon information and belief, Plaintiff alleges that Defendant, Keith Alan Adams, (hereafter "Adams") is hereby a company presumably operating a business out of Crittenden County. Adams employed a driver, and owns the vehicle that was responsible for the crash. Adams's current address is 3492 State Highway 50, Crawfordsville, Arkansas, 72327-2059.

3. Upon further information and belief, Plaintiff alleges that Defendant, MacArthur Crutcher, (hereafter "Crutcher"), is an adult resident citizen of Piperton, Fayette County, Tennessee, residing at 500 US Highway 72, Piperton, 38017-5514.

## II. JURISDICTION AND VENUE

4. Plaintiff further alleges that this cause of action arises in tort out of personal injuries and damages incurred as a result of an automobile wreck which occurred in Shelby County, Tennessee, on or about August 25, 2020. Jurisdiction and Venue are proper with this court. Jurisdiction of this Court is based upon Tenn. Code Ann. §16-10-101. This cause of action arose in Shelby County, Tennessee and, therefore, pursuant to Tenn. Code Ann. §12-4-101(a), proper venue is in Shelby County, Tennessee.

## III. FACTS

5. Plaintiff incorporates herein by reference the allegations of Paragraphs 1-4 of this Complaint as if each were fully set forth herein in their entirety.

6. Plaintiff alleges that on or about August 25, 2020, Defendant Crutcher was in the course and scope of his employment with Defendant John Doe Company and was operating a 2007 Sterling AT9500 truck that was owned by Defendant John Doe Company.

7. Plaintiffs alleges that on or about August 25, 2020, Plaintiff Maria Soto while operating a 2014 Chevrolet Cruz bearing Tennessee state license plate number, MHD 0892, MS, owned and registered to Maria Estrada, was lawfully traveling in an eastbound direction on Highway I-240, near Milllbranch Exit, in Memphis, Shelby County, Tennessee.

8. The Defendant, Crutcher, while in the course and scope of his employment with John Doe Company was also traveling eastbound direction on Highway I-240, near Millbranch Exit, in Memphis, Shelby County Tennessee, in the middle lane, when he negligently swerved into Plaintiff's lane of traffic causing him to crash into Plaintiff's vehicle, then and thereby striking your Plaintiff's vehicle in the side. The proximate and direct cause of the accident was due to

the negligence of the Defendant driver. That the impact was so great that it caused the Plaintiff serious injury. The negligence of Defendant Crutcher is imputed to John Doe Company under the doctrine of *Respondeat Superior*. Defendants' negligence caused the damages and injuries to the Plaintiffs.

9. The Plaintiff at all time were operating their vehicle in a safe lawful manner.

10. There was nothing that the Plaintiff could have done to avoid or minimize the collision or the damages resulting therefrom.

11. At the time of the collision, Defendant Crutcher was acting the course and scope of his employment with Keith Alan Adams.

12. The collision was caused by negligence of Defendant Crutcher and Defendant Keith Alan Adams.

13. The collision was foreseeable to Defendants Crutcher and Keith Alan Adams and could have been avoided had said Defendants acted in a safe and prudent manner as required by Tennessee law and in accordance wit the standards required of a professional truck drivers and motor carriers.

14. At the time of the subject wreck, Defendant Crutcher had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and Tennessee law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Tennessee law, including but not limited to, the Required Knowledge and Skills set forth in 49 CFR Sections 383.111 and 383.113 as well as the mandates of 49 CFR Sections 390-395.

15. As a direct and proximate result of the Defendants' negligence, the Plaintiffs suffered severe, permanent and catastrophic injuries.

### V. COUNT I (LIABILITY OF DEFENDANTS)
**MacArthur Crutcher's Negligence and Negligence Per Se**

16. Plaintiff incorporates herein by reference the allegations of paragraph 1-15 of the Complaint as if each were fully set forth herein in their entirety.

17. Defendant Crutcher had a duty to operate his commercial vehicle in a safe and prudent manner in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of the Plaintiffs and motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from vehicles in front and beside of him, operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

18. As a professional truck driver, Defendant Crutcher also had a duty to operate his commercial vehicle in accordance with the standards required of commercial vehicle drivers and in accordance with the required skills and knowledge set forth in 49 CFR Sections 393.111 and 383.113; the mandates of 49 CFR Sections 390-395; and industry and corporate standards and guidelines that emanate from these safety regulations.

19. As a professional truck driver subject to the Federal Motor Carrier Safety Regulations, Defendant Crutcher also had a duty not to operate any commercial motor vehicle while he has any untreated sleep issues or sleep disorders.

20. Plaintiffs charge and allege that the Defendant Crutcher was guilty of the following acts of common law negligence, each and ever on of which were a direct and proximate cause of the Plaintiff's resulting damages to wit:

    a. In failing to keep the vehicle under proper control;

    b. In failing to devote full time and attention to the operation of his vehicle;

    c. In failing to maintain a proper lookout;

    d. In driving his vehicle too fast under the conditions prevailing;

e. In failing to use that degree of car and caution as was required under the existing circumstances and conditions for the safety of himself and others properly upon the aforementioned street;

f. Failure to properly stop;

g. In failing to control the movement, momentum for direction of travel of his vehicle, or to turn or guide the same, as it was his duty to do so, as to avoid causing a collision to occur, then and thereby injuring Plaintiffs.

h. That the Defendant Crutcher failed to operate the vehicle in a safe and proper manner, and therefore guilty of negligence.

i. That the Defendant was guilty of negligence in violating the state statutes of the State of Tennessee and the city ordinances of the City of Memphis.

That the Defendants violated the foregoing common law of negligence which were the direct and proximate cause of the injuries and damages to the Plaintiff.

21. Plaintiff further charge and allege that the time of the accident in question, the following Ordinances of Shelby County were full force and effect and were violated by the Defendant;

**Section 24-116.**     **Duty to devote full time and attention to operating vehicle.**

It is unlawful for a driver of a vehicle to fail to devote full time and attention to operating such vehicle when such failure, under the then existing circumstances, endangers life, limb or property.

**Section 24-117.**     **Duty to drive at safe speed, maintain safe lookout and keep vehicle under control.**

Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:
A. Operate his or her vehicle at a safe speed;
B. Maintain a safe lookout;
C. Use due care to keep his or her vehicle under control.

22. That the Defendants violated the foregoing city ordinances of the City of Memphis Shelby Tennessee which violations constitutes negligence, per se, and said violations were the sole direct and proximate cause of the accident and of any wrongs, injuries, losses, damages, or expenses which were incurred by the Plaintiff. That the violations by the Defendants of the foregoing statutes of the State of Tennessee were acts of negligence, per se, which were directly and proximately caused, brough about, and contributed to the accident causing personal injuries to the Plaintiff and were wrongful and in disregard for Plaintiff's safety and the Defendants are hereby guilty of gross negligence and willful misconduct.

23. Plaintiff further charge and allege that at the time of the accident in question, the following Statutes of the State of Tennessee were in full and effect and were violated by the Defendant;

**Section 55-10-205.**                          **Reckless Driving.**

"Any person who drives any vehicle in a willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

**Section 55-8-136**                          **Drivers to exercise due care.**

(a) Notwithstanding the foregoing provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding the horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.

(b) Notwithstanding any speed limit or zone in effect at the time, or right of way rules that may be applicable, every driver of a motor vehicle shall exercise due care to avoid colliding with any other motor vehicle, either been driven or legally parked, upon any roadway, or any road sign, guard rail or any fixed object legally placed within or beside the roadway right of way, by operating the motor vehicle at a safe speed, by maintaining a safe lookout, by keeping the motor vehicle under proper control and by devoting full time and attention to operating the motor vehicle, under the existing circumstances to avoid endangering life, limb, or property.

**Section 55-8-197 Failure to Yield Right of Way**

(a) Any person who violates subdivisions (a)(1)-(3) and the violation results in an accident resulting in serious bodily injury to or death of any person shall be guilty of a misdemeanor:

(1) Section 55-8-115 by failing to drive on the right half of the roadway as provided in the section, except for those motor vehicles in compliance with § 55-7-115 or § 55-7-202;

(2) Section 55-8-118 or § 55-8-119 by unlawfully overtaking and passing another vehicle as provided in those sections; or

(3) Section 55-8-128, § 55-8-129, § 55-8-130 or § 55-8-131 by failing to yield the right of way as provided in those sections.

(b) For the purposes of this section, unless the context otherwise requires, serious bodily injury means:

(1) Substantial risk of death;

(2) Serious disfigurement; or

(3) Protracted loss or impairment of the function of any bodily member, organ or mental faculty.

(c) (1) A violation of subsection (a) is a Class B misdemeanor punishable by a fine of two hundred and fifty dollars ($250) if the accident results in serious bodily injury of another.

(2) A violation of subsection (a) is a Class A misdemeanor punishable by a fine of five hundred dollars ($500) if the accident results in the death of another.

(d) The court shall send the department a record of any of the convictions of any of the sections indicated in subsection (a). The court shall indicate on the record or abstract whether the violation resulted in serious bodily injury of another or death of another.

(e) Upon conviction, the court may revoke the license or permit to drive and any nonresident operating privilege of a person convicted under this section for a period of up to six (6) months, if the accident results in serious bodily injury of another, and up to one (1) year if the accident results in death of another.

## VI. COUNT II
### (*Respondeat Superior* John Doe Company)

24. Plaintiff incorporate herein by reference the allegations of Paragraphs 1-23 of this Complaint as if each were fully set forth herein in their entirety.

25. At all times material hereto, Defendant Crutcher was acting within the course and scope of his employment or agency with Keith Alan Adams and was furthering the business interests of Defendant John Doe Company.

26. Defendant Keith Alan Adams is liable under the doctrine of *respondeat superior* and the rules of agency for the tortious acts and omissions of their agents, employees, members, representatives, servants, or contractors. These acts and omissions include, but are not limited to, the acts and omissions committed by Defendant Crutcher on or around August 25, 2020, which are described above and were committed within the course and scope of his agency or employment with Defendant Keith Alan Adams.

27. That the Defendants were guilty of violating the following state statutes of the State of Tennessee which were in full force and effect and that these violations were the direct and proximate cause of the injuries and damages to the Plaintiff in the following particulars:

**55-10-202. Offenses by persons owning or controlling vehicles.**

(a) It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require or knowingly to permit the operation of the vehicle upon a highway in any manner contrary to law.

(b) A violation of this section is a Class C misdemeanor.

**55-10-311. Prima facie evidence of ownership of automobile and use in owner's business.**

(a) In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other motor propelled vehicle within this state, proof of ownership of the vehicle shall be prima facie evidence that the vehicle at the time of the cause of action sued on was being operated and used with authority, consent and knowledge of the owner in the very transaction out of which the injury or cause of action arose, and the proof of ownership likewise shall be prima facie evidence that the vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of the servant's employment. The prima facie evidence rules of the preceding sentence shall also apply in cases of the negligent operation of a vehicle being test-driven by a prospective purchaser with the knowledge and consent of the seller or the seller's agent, whether or not the seller or the seller's agent is present in the vehicle at the time of the alleged negligent operation.

(b) This section is in the nature of remedial legislation and it is the legislative intent that it be given a liberal construction.

**55-10-312. Registration prima facie evidence of ownership and that operation was for owner's benefit.**

Proof of the registration of the motor-propelled vehicle in the name of any person shall be prima facie evidence of ownership of the motor propelled vehicle by the person in whose name the vehicle is registered; and the proof of registration shall likewise be prima facie evidence that the vehicle was then and there being operated by the owner or by the owner's servant for the owner's use and benefit and within the course and scope of the servant's employment.

28. That the Defendants violated the forgoing state statues of the State of Tennessee which violations constitutes negligence, per se, and said violations were the sole direct and proximate cause of the accident and of any wrongs, injuries, losses, damages, or expenses which were incurred by the Plaintiff.

29. That the violations by the Defendants of the foregoing statutes of the State of Tennessee were acts of negligence, per se, which were directly and proximately caused, brough about, and contributed to the accident causing personal injuries to the Plaintiff and were wrongful and in disregard for Plaintiff's safety and the Defendants are hereby guilty of gross negligence and willful misconduct.

## IX DAMAGES

30. That your Plaintiff charge and allege that as a direct and proximate result of the negligence of the part of the Defendant, your Plaintiff suffered severe and permanent personal injury including but not limited to:

   a. Severe and chronic back pain;
   b. Severe fright and shock;
   c. Great physical pain and mental anguish;
   d. Impaired ability to enjoy the normal pleasures of life;
   e. Medical expenses, past, present, and future;
   f. Injuries as itemized in the medical records, and
   g. Loss of earning capacity.

## IX. VEHICLE DAMAGE

31. That further your Plaintiff charge and allege that as a direct and proximate result of the negligence of the Defendant, they sustained property damage to her vehicle.

**WHEREFORE, PREMISES, CONSIDERED, PLAINTIFF RESPECTFULLY PRAY:**

1. That proper process issue against the Defendant requiring her to plead and answer.

2. That Plaintiff be awarded compensatory damages in the amount of TWO HUNDRED FIFTY THOUSAND and 00/100 ($250,000.00) DOLLARS.

3. That the Plaintiff be granted whatever relief, general or specific, this Court deems equitable and just.

4. Plaintiff demand a Jury to try these issues when joined.

Respectfully submitted,

_____
Robert Amann
Amann Law Firm PLLC
1420 Poplar Ave.
Memphis, TN 38104